**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 04 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOSS MARITIME COMPANY; and
FRESCO SHIPPING S.A.,

Plaintiffs - Appellees,

v.

RICHARD N. EASLY,

Defendant - Appellant.

No. 12-36032

D.C. No. 2:12-cv-01484-RSM

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted October 11, 2013
Seattle, Washington

Before: TASHIMA, GRABER, and MURGUIA, Circuit Judges.

Defendant Richard N. Easly appeals the district court's grant of summary

judgment for Plaintiffs Foss Maritime Company and Fresco Shipping S.A. in this

suit for maintenance. Reviewing de novo both a grant of summary judgment, Red

Lion Hotels Franchising, Inc. v. MAK, LLC, 663 F.3d 1080, 1086 (9th Cir. 2011),

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

and the interpretation of the text of a contract, <u>Miller v. Safeco Title Ins. Co.</u>, 758 F.2d 364, 367 (9th Cir. 1985), we reverse and remand.

1. The collective bargaining agreement between Foss and Easly's union does not entitle Foss to a credit against its maintenance obligation as a result of Easly's recovery of lost wages from third-party tortfeasor Fresco. As a seaman injured during the course of employment, Easly is entitled to maintenance and cure from his employer, regardless of fault. <u>Aguilar v. Standard Oil Co. of N.J.</u>, 318 U.S. 724, 730 (1943). The collective bargaining agreement, which controls, <u>Gardiner v. Sea-Land Serv., Inc.</u>, 786 F.2d 943, 949 (9th Cir. 1986), states that "daily maintenance . . . shall be at the rate of ninety dollars ($90) per day," of which $27 "would be considered maintenance" and $63 "would be considered an advance toward recovery of lost wages."[1] Interpreting maritime contracts according to federal law, <u>Starrag v. Maersk, Inc.</u>, 486 F.3d 607, 616 (9th Cir. 2007)

---

[1] The district court erred when it conflated "unearned wages" and "lost wages." "Unearned wages, a component of maintenance and cure, are different from lost wages. The term refers to the actual wages the seaman did not earn because of his injury or illness." <u>Berg v. Fourth Shipmor Assocs.</u>, 82 F.3d 307, 309 (9th Cir. 1996). By contrast, "lost wages," such as those recovered from third-party tortfeasor Fresco, are estimates of lost earning potential due to injury and are independent of the maintenance obligation. <u>Crooks v. United States</u>, 459 F.2d 631, 635 (9th Cir. 1972). While "maintenance" in the more expansive sense may encompass cure (medical expenses) and <u>unearned wages</u>, <u>Lipscomb v. Foss Mar. Co.</u>, 83 F.3d 1106, 1109 (9th Cir. 1996), it generally does not include the <u>lost wages</u> at issue here.

2

(citing Norfolk S. Ry. Co. v. Kirby, 543 U.S. 14, 23 (2004)), we consider the plain text first, with contract terms given their ordinary meaning, Klamath Water Users Protective Ass'n v. Patterson, 204 F.3d 1206, 1210 (9th Cir. 2000).

"Advance" means "[t]o pay or give something of value before the date designated to do so," West's Encyclopedia of American Law (2d ed. 2008); "[p]ayment beforehand . . . an anticipatory payment," Oxford English Dictionary (3d ed. 2011). An "advance" is money that the advancer expects that he or she subsequently will owe the payee. It is well established that maintenance is an inviolable obligation that the employer owes to an injured seaman and a duty that cannot be abrogated. Cortes v. Balt. Insular Line, Inc., 287 U.S. 367, 371 (1932). The agreement's provision that the rate of daily maintenance "shall be" $90 means that the employer is obligated to pay $90 in maintenance irrespective of any liability but, in the event that the employer is found liable for lost wages,[2] those payments may be reduced due to the employer's ongoing maintenance obligations.

Furthermore, we must construe the terms of a collective bargaining agreement "so as to render none nugatory." Alday v. Raytheon Co., 693 F.3d 772, 784 (9th Cir. 2012). If the parties simply intended to create a divisible

_____

[2] An employer may be liable for lost wages in a suit for negligence under the Jones Act, 46 U.S.C. § 30104, or unseaworthiness under maritime common law, Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 547-50 (1960).

3

obligation—$27 maintenance and $63 advance against lost wages from any source—they could have said as much in a single sentence.

2. Because the collective bargaining agreement does not entitle Plaintiffs to reduce maintenance payments as a matter of law, Plaintiffs were not entitled to summary judgment. <u>Sentry Select Ins. Co. v. Royal Ins. Co. of Am.</u>, 481 F.3d 1208, 1216 (9th Cir. 2007). Foss began paying Easly a reduced maintenance rate of $27 per day on September 1, 2012, before any judgment had been issued. Accordingly, it is necessary to remand for a calculation of the amount due Easly, including any prejudgment interest. We therefore reverse the grant of summary judgment and remand for further proceedings consistent with our holding.

**REVERSED and REMANDED.**